JOHN V. O'NEILL, PLAINTIFF-APPELLEE, v. COLONIAL MEMORIAL PARK, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided February 1, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *David L. Smith (James S. Turp,* of counsel).

For the plaintiff-appellee, *Frank J. Backes.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the defendant below from a judgment entered in favor of the plaintiff.

The plaintiff, O'Neill, was employed by the Colonial Memorial Park, Inc., the defendant in the suit, as sales manager, and sued for his compensation therefor, as fixed by his oral employment agreement.

The defense at the trial was, and the sole pertinent ground of appeal here is, that the plaintiff was really a broker within the intendment of section 10 of the Statute of Frauds, and hence could not properly recover.

For reasons now to be stated we think that contention ill-founded.

Section 10 of the Statute of Frauds (*R. S.* 25:1-9) reads: "Except as herein otherwise provided, no broker or real estate

agent selling or exchanging real estate for or on account of the owner shall be entitled to any commission for any such sale or exchange, unless his authority therefor is in writing, signed by the owner or his authorized agent, or unless such authority is recognized in a writing or memorandum, signed by the owner or his authorized agent, either before or after such sale or exchange has been effected, and, in either case, the rate of commission on the dollar or the amount of the commission shall have been stated therein."

Now the state of demand sets up, and the evidence indicates without contradiction, that the plaintiff was not an outside agent, but an employe called an assistant sales manager, and that the principal part of his duty was to organize and supervise a sales force; that under his contract he was entitled to what is called overriding commissions of four per cent. on sales made by the sales force, and that this overriding commission was his compensation as assistant sales manager for which he sued. (He did not sue nor recover for any commissions on personal sales.)

We believe it follows that the holding of the trial judge that the plaintiff was not a broker within the intendment of section 10 of the Statute of Frauds was right, and hence the judgment must be affirmed.

The authorities support that view. Thus, in *Griffith* v. *Daly,* 56 *N. J. L.* 466, the plaintiff below was a real estate agent and was employed by the defendant to advertise her property for sale at auction, to secure the services of an auctioneer and take charge of the sale. After the plaintiff had advertised the property for sale and secured the services of an auctioneer, but before the date of sale, the defendant herself sold the property privately, and thereupon agreed with the plaintiff to pay him two per cent. of the price for what he had done; and it was held that this agreement was not within the statute which requires a writing to entitle brokers or real estate agents to commissions for the sale or exchange of real estate.

Again, *Sherman* v. *Clear View Orchard Co.,* 74 *Ore.* 240; 145 *Pac. Rep.* 264, decided by the Supreme Court of Oregon, is exactly in point. There the court held that the contract

by the orchard company employing plaintiff to act as sales manager, organize a selling department, select suitable agents, manage the company's selling force, for a commission of five per cent. on sales made by such agents, was not a contract for the employment of an agent to sell real estate, and was therefore not invalid because not in writing under a substantially similar statute to ours.

The principal case cited by the defendant-appellant is *Malinowski* v. *Lincoln Development Co.,* 103 *N. J. L.* 394. But that is not an authority favoring the defendant, as a careful reading of the opinion discloses. In that case, as in this, the plaintiff "became sales manager with authority to employ agents and was entitled to a commission on sales made by them. The suit was partly for commissions as salesman or sales agent under the first contract, and partly for compensation as manager under the second." Now here follows the important part of the opinion: "The court [below] gave the latter phase of the case to the jury [that is the compensation as manager], but instructed them the plaintiff was not entitled to recover any unpaid moneys claimed under the original contract [which was for making sales of land himself] because that contract was not in writing." The appeal in that case was by the plaintiff and was based on the disallowance of commissions on sales actually made by him; and the Court of Errors and Appeals affirmed on the ground that, as to that part of his employment, he was substantially a broker within the statute. But the court did not consider at all the second part of the claim in suit because it was not under appeal. Consequently, the Malinowski case is no authority at all for the defendant.

We believe that the foregoing observations in effect dispose of all grounds of appeal properly raised and argued.

The judgment below will be affirmed, with costs.